FIRST DIVISION
July 24, 2006

No.1-04-3247

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 00 CR 27768 |
| | ) | |
| WILLIAM LANG, | ) | Honorable |
| | ) | Leo E. Holt, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

William Lang was convicted of aggravated unlawful use of a weapon by a felon after a jury trial. He was sentenced to seven years in prison. Because the remarks of the trial judge at the sentencing hearing bring into question whether defendant's constitutional right to have his sentence determined with the objective of restoring him to useful citizenship (see Ill. Const. 1970, art. I, §11) was impaired, we vacate his sentence and remand this case for a new sentencing hearing before a different judge.

Defendant does not challenge his conviction on appeal. Rather, defendant argues: (1) he was denied a fair sentencing hearing because the trial court refused to consider his rehabilitative potential; and (2) he was improperly admonished under Supreme Court Rule 605(a) (188 Ill. 2d R. 605(a)).

1-04-3247

Great weight is given a trial court's sentencing determination. People v. Jeter, 247 Ill. App. 3d 120, 130, 616 N.E.2d 1256 (1993). The trial court has discretion to fashion an appropriate sentence and its decision will not be reversed absent an abuse of that discretion. Jeter, 247 Ill. App. 3d at 130. The trial court is in a better position to decide a proper punishment than is a court of review. Jeter, 247 Ill. App. 3d at 130.

A proper sentence must be premised on the particular facts and circumstances of each individual case. Jeter, 247 Ill. App. 3d at 130. The determination of an appropriate sentence depends on several factors, including the gravity of the offense, the circumstances of the commission and the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, age and criminal history. Jeter, 247 Ill. App. 3d at 131. It is the duty of the sentencing judge to strike an appropriate balance between protection of society and rehabilitation of the offender. Jeter, 247 Ill. App. 3d at 131. Trial judges are compelled to consider each defendant's individual rehabilitative potential. Jeter, 247 Ill. App. 3d at 131. The constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11; Jeter, 247 Ill. App. 3d at 131. "While this is not to say that the objective of restoring the offender to useful citizenship is to be accorded greater consideration than that which establishes the seriousness of the offense [citations], such concerns must be considered on a case-by-case basis." Jeter, 247 Ill. App. 3d at 131.

Defendant here was found guilty of aggravated unlawful use of a weapon by a felon, punishable as a Class 2 felony. See 720 ILCS 5/24-1.6(d) (West 2000). Defendant was eligible

to receive an extended-term sentence based on his criminal history. See 730 ILCS 5/5-5-3.2(b)(1) (West 2000). The sentencing range was no less than 3 years and no more than 14 years in prison. See 730 ILCS 5/5-8-1(a)(5), 5-8-2(a)(4) (West 2000). The State argued defendant should receive close to the maximum. The State presented evidence of defendant's earlier convictions, including convictions for attempted murder, armed robbery, robbery, possession of a controlled substance and possession of cannabis.

Defendant called Norbert Kuksta, an inspector at the Cook County jail, to testify in mitigation. Kuksta said defendant, while imprisoned for an earlier conviction, helped Kuksta identify correction officers who were smuggling contraband into the jail. Defendant also worked with Kuksta after his release. Kuksta said defendant's cooperation was "invaluable" in making the prison system more secure. Also in mitigation, defendant presented evidence that he had obtained a bachelor's degree while in prison, had the support of his mother, had separated himself from gangs and was employed. Defendant also argued his criminal history since 1996 had consisted of nonviolent crimes and that he did not injure anyone in the shooting for which he was being sentenced.

Before sentencing, the trial judge said defendant was "approaching middle age" and had "enough experience in the criminal justice system to know that under no circumstances should [he] be in possession of a gun." The trial judge referenced defendant's cooperation with Kuksta but questioned his motive in cooperating. The judge then made the following statement:

"And I frankly *** do not understand what the objective [of sentencing you] is. I don't understand what I or society gains by putting you in prison for

possession of a weapon.  If I thought it was going to deter you or anybody else, it might make sense.  But I'm fully aware that what I do to you is going to be zero effect on anyone else out there carrying a weapon.

*** I would also not have any problem with [sentencing you] if I thought *** there would be some level of rehabilitation, but you don't need rehabilitating. You rehabilitated yourself [in spite] of the penitentiary by getting into things while in the penitentiary *** you [chose] to do.

The penitentiary is not [a way] for you to go and expect to find anything of a rehabilitative nature.  We just warehouse people in penitentiaries.  We don't rehabilitate them.

The Department of Corrections *** doesn't consider itself to be a rehabilitative institution.  So, for you, sentencing you to the penitentiary is simply to isolate and take you out of society, and I think in many instances for the benefit [of] those who work in the prison industry because they need bodies in prison. And the population of inmates in this country has just gone over two million.  It's a huge industry, and if you collapse it by staying out of the penitentiary, you will collapse economy all around this country.

You are sentenced to a term of [seven] years in the Illinois Department of Corrections."

Defendant argues this excerpt demonstrates the trial court failed to consider his rehabilitative potential and fashioned a sentence based on the judge's personal opinion of the prison system.

Defendant cites <u>Jeter</u>.

The court there made the following statement during the defendants' sentencing hearing:

" 'First, I think it ought to be noted for the record that there [have] been references made by the attorneys, both the prosecution and for the defense, concerning punishment reflecting the possibility of rehabilitation. And I think it ought to be clear in everyone's mind that it is the [c]ourt's judgment that a penal institution is not a place where rehabilitation takes place.

A penal institution is a place where people who have been convicted of crimes are sent in execution of their sentence.

Early on it was considered that rehabilitative programs would take place during the incarceration period. But the [c]ourt is not aware of any American penal institution that lives up to the responsibility of having programs that cause people in their custody to change their ways, and come in convicted felons and go out as people who are not going to commit any further crimes.

Any rehabilitation that takes place under the circumstances in the American institutions comes about only as a result of the individual inmates affirming that after execution of that sentence that inmate is not going to be involved in any other anti-social or illegal activity. There is no rehabilitation *** program that exists that is worthy of being named such in any of our penal institutions in the [c]ourt's judgment.

According[ly], I sentence these gentlemen today and it is not just them,

but that has been my posture since I adopted this attitude, I will be sentencing

purely on the basis of punishment. The sentence that I will impose will be

punishment for the crimes that these men have been convicted of. And if

rehabilitation takes place, fine.

Sit down.

It will be for punishment only.' " Jeter, 247 Ill. App. 3d at 129-30.

This court found on review that the trial judge failed to weigh the evidence presented at the

defendants' sentencing hearing and instead sentenced the defendants " 'for punishment only' "

based on his personal beliefs about the prison system. Jeter, 247 Ill. App. 3d at 131. The

defendants' sentences were vacated on this ground. We believe defendant's sentence here must

be vacated on the same ground.

The State argues Jeter is inapplicable because the trial judge's comments here concerned

the prison system in general and not defendant's rehabilitative potential. We disagree. Not only

were the trial judge's comments here made in the context of deciding an appropriate sentence for

defendant, but they were specifically directed to defendant. The trial judge made clear that its

sentencing decision would rest on taking defendant out of mainstream society and not on

defendant's rehabilitative potential.

The State also argues the trial judge's "opinions on the prison system were offered to

*mitigate* rather than aggravate the length of defendant's sentence." (Emphasis in original.) The

State maintains defendant did not suffer prejudice because the trial judge's opinion favored a

lesser sentence. We fail to see the logic in the State's argument. The trial judge offered

6

gratuitous remarks on the state of the Department of Corrections. The remarks may have been appropriate if made in a speech on prison reform to a bar association. But they are inexplicable at a sentencing hearing where a judge is bound to observe constitutional and statutory guidelines. Sentencing is the most solemn power a judge possesses. Whether defendant would have received a heavier sentence had the trial judge's opinion been different is irrelevant.

Defendant's conviction is affirmed. Under <u>Jeter</u>, we vacate defendant's sentence and remand this case for a new sentencing hearing before a different judge. Defendant's argument that he was not properly admonished under Rule 605(a) is moot.

Affirmed in part and vacated in part; cause remanded.

GORDON and BURKE*, JJ., concur.

Justice Burke participated in the disposition of this case before her retirement from the court.