2024 IL App (1st) 231357-U

No. 1-23-1357

Order filed May 14, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 17583 |
| | ) | |
| ULYSSES DAVIS, | ) | Honorable |
| | ) | Michael B. McHale, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's 10-year sentence for Class 2 aggravated domestic battery is affirmed where the trial court properly imposed an extended term, did not predetermine the sentence prior to resentencing, and did not ignore mitigating evidence.

¶ 2    Following a 2017 bench trial, defendant Ulysses Davis was found guilty of one count of aggravated domestic battery, one count of unlawful restraint, and three counts of domestic battery. The court merged the guilty findings into one count of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and sentenced defendant, based on his criminal history, as a Class X

offender to 10 years' imprisonment. On appeal, we found that defendant did not qualify for Class X sentencing, vacated defendant's sentence, and remanded for resentencing as a Class 2 felony offender. See *People v. Davis*, 2020 IL App (1st) 172985-U. After a new hearing, the circuit court sentenced defendant to an extended term of 10 years' imprisonment.

¶ 3    On appeal, defendant contends that he was ineligible for extended-term sentencing because the record did not establish that he had a qualifying prior conviction within 10 years of resentencing. Defendant also contends that the court abused its discretion where it predetermined the sentence and ignored compelling mitigation evidence. We affirm.

¶ 4    The facts of this case are detailed in this court's order on direct appeal. See *id.* Accordingly, we recount only the facts necessary to resolve the present appeal.

¶ 5    The evidence at trial showed that on November 12, 2016, F.T., defendant's girlfriend, was driving a vehicle with defendant as the passenger. During the drive, defendant accused F.T. of cheating on him. Defendant choked her, bit her face several times, breaking the skin near her nose and cheeks, and bent her hand, which dislocated it, requiring surgery. F.T. exited the vehicle and crossed the street to seek help, but defendant followed her, "[g]rabbed" her from behind, and took her back to the vehicle. A police officer saw F.T. on the trunk of the vehicle and defendant "with his hands on her trying to pull her off." The officer stopped to assist, at which point defendant fled toward traffic. Eventually, officers subdued and arrested defendant. F.T. was transported to the hospital. Defendant informed officers that while F.T. drove, she began to scream and attempted to exit the vehicle, so he tried to stop her. When she did not listen, he bit her face and twisted her finger. He told officers that he fled because he was hard of hearing and wanted to "run to a quieter location" so he could hear what the officers were saying.

¶ 6       During sentencing on October 27, 2017, the State informed the court that defendant was "class X'ible [*sic*]" due to his criminal history, which, relevant here, included two Class 2 felonies: (1) a 2006 conviction for a drug offense when defendant was 17 years old, and (2) a 2012 conviction for a drug offense when defendant was 24 years old. The court merged the guilty findings into the aggravated domestic battery count and sentenced defendant as a Class X offender to 10 years' imprisonment.

¶ 7       On direct appeal, defendant argued that his criminal history did not qualify him for Class X sentencing, and, in the alternative, that his sentence was excessive. We found that defendant did not qualify for background-based Class X sentencing, because his 2006 conviction was a juvenile adjudication rather than a Class 2 felony conviction. See *id* ¶ 17. We vacated defendant's sentence and remanded to the circuit court for resentencing as a Class 2 offender. See *id.* ¶ 19.

¶ 8       The State filed a petition for leave to appeal to the supreme court. On November 9, 2022, defendant filed a motion for release on recognizance bond with the supreme court during the pendency of the State's petition. He argued that as of the date of the motion, he had served more than seven years in prison at 85 percent time, the maximum sentence applicable for Class 2 felony aggravated domestic battery. On November 15, 2022, the supreme court granted the motion, releasing defendant on a recognizance bond. The supreme court denied the State's petition on November 30, 2022.

¶ 9       During proceedings in early 2023, prior to resentencing, the circuit court asked whether it needed an updated presentence investigation report (PSI), noting that the 2017 PSI was "pretty extensive" and would be sufficient if the State ran a new RAP sheet for defendant. At another hearing prior to resentencing, the court asked whether defendant was "extendable on a 2," and the

State responded affirmatively. Defendant's appointed counsel informed the court that defendant had 2194 days' "credit," including pretrial custody credit.

¶ 10 Defendant's 2017 PSI showed, relevant here, a September 20, 2012, conviction for a drug offense ("MFG/DEL 1<15 GR HEROIN") with a prison sentence of four years. Defendant was raised by his mother and paternal grandmother in Chicago in a "normal stable family structure." Defendant had a "good" relationship with his mother, and a "close" relationship with his sisters. At the time the PSI was compiled, defendant was last employed by Most Value Personnel Inc. as a factory worker, and by Postmates Delivery Service as a laborer.

¶ 11 Defendant was single at the time of the PSI and not in a "serious" relationship. He had a good relationship with his four children, whom he supported financially. Defendant reported that he was diagnosed with Post Traumatic Stress Disorder and underwent outpatient treatment at Hartgrove Behavioral Health from 2014 through 2016. Until the date of the incident, defendant normally drank six beers daily and denied having family or social problems due to alcohol, but had experienced negative consequences from his alcohol use and wished to participate in a treatment program. He had not used other illegal or illicit substances since 2012.

¶ 12 Prior to defendant's 2017 sentencing, F.T. wrote a letter to the court asking it to commute defendant's sentence. She stated that defendant had "good potential" if given a chance and had been under "a lot of pressure and alcohol/drug abusive." She stated that defendant was a good father, and asked the court to allow him to see his daughter grow up.

¶ 13 At the resentencing hearing on April 24, 2023, the court again asked the State if defendant was "extendable on a 2," and the State responded affirmatively. The State presented photographs of the victim's injuries and argued in aggravation that defendant could be sentenced as a Class 2

offender to the same amount of time as he had been sentenced as a Class X offender, because he was "extendable." Although F.T. did not object to a seven-year sentence at 85 percent, the State requested the original sentence of 10 years because "[t]he injuries were significant."

¶ 14    The State informed the court that defendant's background included "a 2012 manufacture delivery, four years in the Illinois Department of Corrections [IDOC]; 2011 PCS, one year IDOC; an '06 manufacture delivery, five years IDOC." According to the State, defendant also had convictions for misdemeanor domestic battery in 2010, battery in 2010, and assault in 2005.

¶ 15    In mitigation, defense counsel introduced exhibits including March 2, 2023, character letters from the financial secretary of Greater New St. John MB Church and from a family friend of defendant. Defense counsel also introduced a November 4, 2019, certificate of completion from Keys to Personal and Professional Services presented by Job Partnership, and three check stubs from defendant's employment at Popeyes in March and April 2023.

¶ 16    In allocution, defendant stated that he "went through what [he'd] been through" in his life and had changed for the better. Defendant was "looking forward to getting this behind" him so he could provide for his family, care for himself, and keep "a straight path."

¶ 17    The court again imposed 10 years' imprisonment. In announcing sentence, the court summarized the facts of the case and noted that F.T. had extensive facial injuries and a dislocated finger, commenting that it had never "seen a case like that before." The court noted that it always considered the victim's preferences, but in a domestic violence case like this, "it isn't just the victim who the Court should take into account," but "any woman in this community that may or may not encounter" defendant and "what might happen again." The court commented, "I don't think seven years is an appropriate sentence given this case," and that, when it sentenced defendant

initially, it considered "what was appropriate." The court found that defendant was "extendable on a 2," which established a sentencing range of 3 to 14 years. "So" it imposed "the same sentence [it] did before," 10 years in prison.

¶ 18    In a colloquy with defense counsel, the court stated that it was "not going to change" its sentence and that defendant's "I-Bond" gave him "false hope," especially considering the egregious facts presented. Defense counsel noted that defendant was gainfully employed and had reconnected with the community, so returning him to custody would neither "serve any purpose outside of continual punishment" nor be necessary to rehabilitate him. The court asked whether defendant had taken domestic violence or anger management classes, and noted that defendant's certificate from Job Partnership did not reflect anger management. The court noted that it understood defendant's position, had "taken all of that into account," and did not impose a 10-year sentence "lightly before." The court concluded that "[w]hether or not he was extendable on a 2 or Class X at the time made no difference to [the] sentence and [the court] expected the sentence to be complied with."

¶ 19    Defense counsel filed a motion to reconsider sentence, arguing that the sentence was excessive. The court denied the motion, noting that the facts of the case "were especially bad," as defendant caused multiple facial injuries to K.T. and lied to the police. The court commented that 10 years' imprisonment was a "fair" sentence.

¶ 20    On appeal, defendant argues that the record fails to show that he had a qualifying prior conviction within 10 years of resentencing, and so was ineligible for extended-term sentencing.[1]

---

[1] On December 11, 2023, appellate counsel filed a motion with this court seeking defendant's release on recognizance bond. On December 28, 2023, we denied the motion, ordered that defendant "shall be detained pending appeal," and expedited the appeal.

¶ 21 Defendant acknowledges that he did not object to his eligibility for an extended term, and thus did not preserve the issue for review. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) (to preserve a claim of sentencing error, a defendant must raise both a contemporaneous objection and a written postsentencing motion addressing the issue). Nevertheless, he requests we review this issue under the second prong of the plain error doctrine.

¶ 22 In the sentencing context, a reviewing court may address a forfeited claim under the plain error doctrine if a clear and obvious error occurred and either (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so serious that it deprived the defendant of a fair sentencing hearing. *Id*. at 545. We review the alleged erroneous imposition of an extended-term sentence under the second prong of the doctrine. *People v. Ramsey*, 2018 IL App (2d) 151071, ¶ 32. "When a defendant fails to establish plain error, the result is that the 'procedural default must be honored.' " *People v. Naylor*, 229 Ill. 2d 584, 593 (2008) (quoting *People v. Keene*, 169 Ill. 2d 1, 17 (1995)). The initial consideration is whether a clear and obvious error occurred at all. *Hillier*, 237 Ill. 2d at 545.

¶ 23 Defendant was sentenced for Class 2 felony aggravated domestic battery. 720 ILCS 5/12-3.3(a-5), (b) (West 2016). Class 2 felony offenses have a sentencing range of three to seven years' imprisonment. 730 ILCS 5/5-4.5-35(a) (West 2016). An extended-term Class 2 felony has a sentencing range of 7 to 14 years' imprisonment. *Id*. A court may impose an extended-term sentence, relevant here, when the defendant "is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody." 730 ILCS 5/5-5-3.2(b)(1) (West 2016).

¶ 24    In order to measure the 10-year period required for an extended-term sentence, the date of the conviction is the date of entry of the sentencing order. *People v. Lemons*, 191 Ill. 2d 155, 159-60 (2000) (citing *People v. Robinson*, 89 Ill. 2d 469, 477 (1982)). When a defendant is resentenced, the date of the conviction is the date of the entry of the final sentencing order. *Id*. (finding the final sentencing order occurred on the date the defendant's "probation was revoked and a final sentence was pronounced").

¶ 25    However, the 10-year period is tolled by "time spent in custody" (730 ILCS 5/5-5-3.2(b)(1) (West 2016)), which "is not to be counted in determining whether 10 years have elapsed since the offender's prior conviction" and includes "time spent in any custody as the result of a conviction of a [f]ederal crime or violation of another State's criminal statute." *Robinson*, 89 Ill. 2d at 476. Whether the trial court has improperly applied an extended term is a question of law reviewed *de novo*. *People v. Smith*, 345 Ill. App. 3d 179, 189 (2004).

¶ 26    Defendant contends that the record does not establish that he qualified for an extended-term sentence because his most recent prior conviction for a Class 2 felony was in 2012, over 10 years before he was resentenced in 2023. Defendant argues that the record did not "affirmatively demonstrate" that the term of custody of his 2012 conviction ended within 10 years of the imposition of his sentence in 2023, such that tolling would be implicated.

¶ 27    Here, defendant's prior qualifying conviction for an extended term was entered on September 20, 2012. In the case at bar, defendant was resentenced on April 24, 2023, slightly over 10 years after his 2012 conviction. Thus, unless the period between the 2012 sentence on the prior qualifying conviction and the 2023 sentence at bar is tolled by time defendant was in custody, the 2023 conviction cannot be considered as a qualifying prior conviction. 730 ILCS 5/5-5-3.2(b)(1)

(West 2016). The PSI establishes that the prison term on the prior qualifying conviction was four years' imprisonment, but the record does not reflect when defendant completed his sentence. Therefore, the record is insufficient to determine how much of the 10-year period was tolled by that sentence.

¶ 28    However, the record does show that defendant was initially convicted in the case at bar on October 27, 2017, and was in custody at IDOC until the supreme court released him on a recognizance bond on November 15, 2022. Thus, defendant was in custody for over five years between October 2017 and November 2022, which alone was sufficient to toll the limitations period to well within 10 years after the previous conviction. Because his two felony convictions were less than 10 years apart due to tolling, he was eligible for an extended term and no error occurred. See *id.* ¶ 59. Absent error, there can be no plain error, and therefore, defendant's procedural default regarding this issue must be honored. See *Naylor*, 229 Ill. 2d at 593.

¶ 29    Defendant additionally contends that the court predetermined the sentence it would impose during resentencing and ignored compelling mitigating evidence in resentencing defendant to the same 10-year sentence it originally imposed.

¶ 30    A sentence should reflect both the seriousness of the offense and the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I § 11; *People v. Neasom*, 2017 IL App (1st) 143875, ¶ 48. A sentencing court's decision is reviewed for abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). A court abuses its discretion where the sentence is " 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)). The court has broad discretion in imposing a sentence, and is afforded great deference because the judge

"observed the defendant and the proceedings" and is better positioned to weigh the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. (Internal quotation marks omitted.) *Id.* at 212-13. The reviewing court " 'must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently.' " *Id.* at 213 (quoting *Stacey*, 193 Ill. 2d at 209).

¶ 31    A reviewing court will remand for resentencing "where a judge's comments on the record indicate that he or she has predetermined a defendant's sentence before considering the relevant statutory factors." *People v. Morris*, 2023 IL App (1st) 220035, ¶ 61 (remanding for resentencing where the sentencing court was "preoccupied" with whether it could reimpose the same 100-year sentence for a juvenile offender and did not adequately consider the youth-based sentencing factors). Additionally, resentencing is appropriate where the judge's comments "reveal that he or she refused to consider the whole range of statutorily permissible sentences." *Id*. ¶ 62.

¶ 32    Here, the court's comments, in context, do not reflect that it refused to consider the range of statutorily permissible sentences and/or was "preoccupied" with reimposing a 10-year sentence. Although the court asked the State whether defendant was "extendable on a 2," and stated that it would not "change" its sentence, the record does not establish that it did not consider all relevant information prior to resentencing. In fact, the court stated that it understood defendant's position, had "taken all of that into account," and did not impose a 10-year sentence lightly, finding the same sentence still appropriate. A court is not required to impose a lesser sentence upon remand. See *People v. Raya*, 267 Ill. App. 3d 705, 709 (1994).

¶ 33    Defendant further contends that the court imposed an excessive sentence on remand and did not consider applicable mitigating evidence.

¶ 34    A sentence within the statutory range is presumed to be proper. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46. Here, as discussed, defendant was convicted of Class 2 aggravated domestic battery, with an extended sentencing range of 7 to 14 years' imprisonment. 720 ILCS 5/12-3.3(a-5), (b) (West 2016); 730 ILCS 5/5-4.5-35(a) (West 2016). Defendant's 10-year sentence falls within these statutory guidelines and is, therefore, presumed to be proper unless defendant affirmatively shows otherwise. *Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 35    Defendant argues the sentencing court abused its discretion by not adequately considering the compelling facts in mitigation, including F.T.'s letter, defendant's "difficult childhood" and addiction issues, and his work ethic and rehabilitative potential. The new mitigating evidence included letters from members of defendant's community and F.T.'s own expression of satisfaction with a seven-year sentence. Defendant argues that although the 10-year sentence was on the "lower portion" of the Class X sentencing range, upon resentencing "it is more than three times the minimum Class 2 sentence and near the maximum [14]-year extended term."

¶ 36    Absent "affirmative indication to the contrary, other than the sentence itself," we presume that the court considered all mitigating evidence before it. *People v. Kindle*, 2021 IL App (1st) 190484, ¶ 67. Defendant does not make that showing here. The record shows the PSI and defense counsel's arguments set forth the same mitigating evidence defendant recites on appeal, and the court is therefore presumed to have considered it. See *id*. Further, in imposing sentence, the court specifically stated that it had considered defendant's evidence, which included counsel's extensive discussion regarding defendant's rehabilitation since his release on bond. It asked whether defendant had taken anger management classes, commenting that job placement services

referenced by counsel were not anger management. Thus, the record shows the court considered the mitigating evidence.

¶ 37    Further, the most important factor at sentencing is the seriousness of the offense. *People v. Jones*, 2019 IL App (1st) 170478, ¶ 55. The circuit court emphasized the egregiousness of the offense multiple times during sentencing. It summarized the facts of the case and F.T.'s injuries, which included a dislocated finger which required surgery and facial lacerations from defendant biting her several times, and stated it had never seen a similar case. The court was not required to give greater weight to mitigating factors than to the severity of the offense, and the presence of mitigating factors did not require it to impose a minimum term. *Id.* Lastly, the court explained that normally it considered a victim's wishes, but in domestic violence cases, it needed to consider other women in the community whom defendant might encounter and "what might happen again." See *People v. Lang*, 366 Ill. App. 3d 588, 589 (2006) ("It is the duty of the sentencing judge to strike an appropriate balance between protection of society and rehabilitation of the offender).

¶ 38    Given this record, defendant's argument that the court abused its discretion amounts to a request for this court to reweigh the evidence and substitute its judgment for that of the sentencing court. This we will not do. See *Alexander*, 239 Ill. 2d at 213. Defendant has failed to meet his burden to affirmatively show that the court did not adequately consider all relevant factors during sentencing. See *Kindle*, 2021 IL App (1st) 190484, ¶ 67. We thus find that the court did not abuse its discretion in sentencing defendant and affirm his sentence of 10 years' imprisonment.

¶ 39    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 40    Affirmed.