2026 IL App (1st) 242184

FOURTH DIVISION
Order filed: February 19, 2026

No. 1-24-2184

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 9505 |
| | ) | |
| EDDIE HILL, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE QUISH delivered the judgment of the court, with opinion.
Presiding Justice Navarro and Justice Lyle concurred in the judgment and opinion.

**OPINION**

¶ 1    After a second resentencing hearing, Defendant Eddie Hill was sentenced to an aggregate term of 30 years' imprisonment on his two attempted first degree murder convictions. In this appeal, he argues that the circuit court denied him due process and abused its discretion by predetermining that it would impose a 30-year sentence following this court's remand "to the circuit court with instructions to sentence the defendant to a term not exceeding thirty years." *People v. Hill*, 2023 IL App (1st) 221062, ¶ 28. For the following reasons, we affirm.

¶ 2    In 2005, following a bench trial, defendant was convicted of multiple counts of attempted

first degree murder, aggravated battery with a firearm, and aggravated battery, all stemming from the shooting of two teenagers, Cornelius Grant and Antonio Ingram, in February 2000. At trial, the victims testified that, while in the stairwell of their apartment building, defendant, then age 24, approached them with a revolver and asked them about joining the Gangster Disciples gang. When the victims expressed no interest, defendant fired the revolver at the floor. The victims testified that they began running down the stairs, and defendant fired shots at them, striking Grant in his index finger. The victims proceeded to a fourth-floor apartment, and defendant pursued them, eventually shooting Grant in his chest and Ingram in his leg. Grant testified that, as a result of his gunshot wound, he was partially paralyzed and confined to a wheelchair. Ingram testified that he had surgery on his femur which required a pin to repair the fracture. After finding defendant guilty on many of the charges, including both counts of attempted first degree murder, the court sentenced him to a total of 75 years' imprisonment.

¶ 3        On direct appeal, this court held that defendant's aggravated battery convictions violated the one-act one-crime rule and, therefore, vacated those convictions. We also remanded for defendant's mittimus to be amended to reflect two convictions for attempted first degree murder with corresponding consecutive sentences of 45 and 30 years' imprisonment. See *People v. Hill*, No. 1-06-0041 (unpublished order pursuant to Supreme Court Rule 23).

¶ 4        In 2009, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.* In his petition, defendant raised, *inter alia*, a claim that his trial counsel rendered ineffective assistance by misadvising him regarding the maximum potential sentence that he faced, which caused him to reject a favorable plea offer. Specifically, defendant alleged that, during a plea conference held pursuant to Supreme Court Rule

402 (eff. Jul. 1, 1997), the State offered him a sentence of 20 years in prison in exchange for a guilty plea to the attempted murder charges. He alleged that defense counsel advised him that he should reject the offer because the State's case was "purely circumstantial," he would likely win at trial, and if he was found guilty, his sentences would run concurrently. The circuit court dismissed defendant's petition at the second stage. Defendant appealed.

¶ 5    This court reversed and remanded for new second-stage proceedings, finding that defendant received unreasonable assistance from postconviction counsel. *People v. Hill*, 2014 IL App (1st) 131625-U, ¶ 21. On remand, defendant, now through counsel, filed a supplemental petition further alleging that his trial counsel had misinformed him that he was facing a sentencing range of 6 to 30 years in prison, when the true maximum was much higher due to his eligibility for an extended-term sentence and the fact that his sentences would have to run consecutively, rather than concurrently. The State moved to dismiss the supplemental petition. While the State's motion to dismiss was pending, the trial judge who presided over defendant's trial retired, and a different trial judge heard arguments on the motion. The circuit court granted in part and denied in part the State's motion, allowing defendant's claim regarding counsel's incorrect advice about the maximum sentence to proceed to a third stage evidentiary hearing.

¶ 6    After an evidentiary hearing, the circuit court granted defendant's petition in part, finding that defendant proved that his trial counsel provided ineffective assistance by providing incorrect advice regarding the maximum possible sentence he could receive, causing him to reject the offer of 20 years' imprisonment following the Rule 402 conference. Consequently, the circuit court ordered that defendant was entitled to a new sentencing hearing.

¶ 7    Defendant's resentencing hearing was held in July 2022. In aggravation, the State provided

defendant's criminal history from his presentence investigation report, including an armed robbery conviction, for which defendant was on parole at the time of the instant offense, and multiple drug-related convictions. The parties stipulated that, while out on bond for the attempted murders, defendant was arrested for unlawful use of a weapon, though that charge was ultimately dismissed. Defendant called his girlfriend, Nicika Levi, as a mitigation witness. Levi testified that defendant had changed for the better since she first met him in 1998, and when defendant is released, he would be able to stay with her and obtain employment through a family friend. Defendant also introduced his medical records from the Illinois Department of Corrections detailing several medical conditions, his disciplinary record from the Illinois Department of Corrections, and certificates he earned while incarcerated. Defendant made a lengthy statement in allocution in which he apologized for his actions and stated that he was a different person than he was in 2000 and that, if given the opportunity, he would "make a difference in the lives of others that present mirror images of my own adolescence." After hearing the parties' arguments, including details about the crimes, and considering the evidence, the circuit court sentenced defendant to consecutive sentences of 25 years' imprisonment for the attempted murder of Grant and 12 years' imprisonment for the attempted murder of Ingram, for a total of 37 years.

¶ 8      Defendant appealed, arguing, relevant to this appeal, that his 37-year sentence violated due process as it exceeded the 30-year sentence his counsel told him was the maximum that he faced when he rejected the 20-year offer after the Rule 402 conference. *Hill*, 2023 IL App (1st) 221062, ¶ 1. This court agreed and found that "due process and fundamental fairness require that [defendant's] sentence not exceed thirty years, the term that he was told was the maximum potential sentence." *Id.* ¶ 26. Accordingly, we reversed the court's July 5, 2022 order resentencing

defendant to a total of 37 years' imprisonment and remanded the case to the circuit court "with instructions to sentence the defendant to a term not exceeding thirty years." *Id.* ¶ 28.

¶ 9 On remand and at defense counsel's request, the circuit court held an "issues conference" regarding this court's mandate off the record. After the conference, defense counsel filed a "Motion to Clarify Sentencing Range" and a "Memorandum of Law Regarding Sentencing Range," which asked the circuit court to clarify the applicable sentencing range on each count. In the motion, defendant argued that, based on this court's mandate that defendant's sentence not exceed 30 years and the fact that each count was required to run consecutively, the sentencing range for each count should be 6 to 15 years. Defendant further argued that the circuit court could not exceed the 12-year sentence it imposed at the first resentencing hearing for the attempted murder of Ingram. The circuit court instructed defense counsel to prepare a memorandum regarding this court's decision.

¶ 10 At a status hearing held before defendant's second resentencing hearing, defense counsel told the court that he and the State agreed to "proceed to sentencing by way of stipulating to the testimony on [*sic*] the last sentencing hearing." The circuit court then made the following comments:

> "I'm not going to rule on [defendant's motion]. I'm going to sentence him to not more than 30 years. And I think we talked off the record and I told you I'm not going to go below 30. We'll figure something out that will align with what the Appellate Court said and what his – what he's facing and what he was offered at a 402 conference and we'll go from there."

Defense counsel did not object to this statement, but responded: "Perfect. Then we will set this matter for sentencing and – on the next court date, Judge, and we'll stipulate to the transcript." Defense counsel informed the court that defendant might choose to allocute on that next date. The court stated that it marked that next date for "hearing on sentencing."

¶ 11    The matter continued to a second resentencing hearing. At that hearing, the circuit court noted that the parties were present for "a sentencing hearing ordered by the appellate court." Defense counsel agreed.  The court then heard arguments from defense counsel regarding the applicable sentencing range for each conviction.  Defense counsel explained that this court instructed the circuit court to sentence defendant "on re-sentencing" to a period not to exceed 30 years and thus, his position was that the sentencing range on count 7 was 6 to 15 years and on count 8, it was not greater than 12 years (the court's previous sentence on this count).  He also noted that the charges required the court to sentence defendant consecutively on those counts. The court stated it understood "the appellate court said he's not to get a sentence more than 30 years" so "the maximum he can get is 30 years, but each [count] is 6 to 30," consecutive. The parties stipulated to the transcript of the July 2022 sentencing hearing and the presentence investigation report. The State provided the court with an additional victim impact statement from Ingram's mother, which was not introduced at the first resentencing hearing.

¶ 12    The circuit court stated that it reviewed the statement from Ingram's mother, the transcripts from the first resentencing hearing, the presentence investigation report, and this court's ruling in *Hill*, 2023 IL App (1st) 221062. The court then invited arguments from the parties. The State argued that defendant's prior sentences were fair based on defendant's actions and that the circuit court should sentence defendant to a total of 30 years' imprisonment, the highest allowed by this court's mandate, which was "more than fair to this defendant." Defense counsel argued that the court correctly stated that it had to consider who defendant was at the time of the hearing and who he was at the time the crimes were committed.  He argued that the "record the Court has reviewed with respect to the sentencing in 2022 is replete with mitigating circumstances and factors for the

Court to consider." He continued that defendant was a model prisoner and had changed while incarcerated, that a 30-year sentence was the ceiling set by this court and not a floor, and that "hopefully the mitigating factors would have the Court consider coming down or departing from that ceiling."

¶ 13    The circuit court allowed defendant an opportunity to make an additional statement in allocution, which he declined. The circuit court then stated:

> "THE COURT: Okay. I know, you know, you testified in the last hearing, and there's no question in my mind you are not the same Eddie Hill as you were back in the year 2000.
>
> How old were you then?
>
> THE DEFENDANT: 26.
>
> THE COURT: 26 years old.
>
> It was proven beyond any doubt that there's been substantial change in your circumstances which was taken into consideration before and taken into consideration again. And without rehashing all the details, this is a pretty brutal attempt murder. I mean, the motive, as I am told, was to get these guys to join a gang. And when they refused, they ended up being hunted down and shot. Mr. Grant, I believe, is in a wheelchair for the rest of his life. Mr. Ingram, I believe, had a fractured femur that required surgery and a pin, lifelong lasting injuries.
>
> I'm not sure what the credit – how much longer he has. I mean, that's 24 years ago.
>
> How old are you now?
>
> THE DEFENDANT: 48, sir.
>
> THE COURT: 48 years old.
>
> I know it's been a long stretch, but you're a young man. I wish I was 48 again. You've got a long life ahead of you, and it sounds like with some of the skills and maturity that you have been able to accomplish that you would be able to enjoy those years with your family and doing what you want to do, I hope, for a long, long time. But there is a price to be paid for what happened at that time and for that

very senseless and brutal crime.

> So on the charge of the attempt murder – Count 7, attempt murder of Mr. Grant, the sentence of the Court is 22 years in the Illinois Department of Corrections. Count 8, the attempt murder of Mr. Ingram, 8 years in the Illinois Department of Corrections. Each to be followed by 3 years of mandatory supervised release. Those sentences are to be served consecutively."

¶ 14 Defendant filed a motion to reconsider his sentence, arguing that his 30-year sentence, as the maximum allowable sentence based on this court's mandate, was "excessive, improper, and not commensurate with the crimes that he was adjudicated guilty" and that "considerable evidence of mitigation in this case was not adequately considered." The circuit court denied the motion, stating:

> "I gave a lot of thought to the case, for whatever that is worth the appellate court didn't think too much of it but I think that it was a fair sentence. Here, I recognize Mr. Hill is a different man today than he was back then, this case is 25 years old, 24 years old and that I guess deserves some consideration but the outside scope that he could have gotten much more than twice as much. * * * he was found guilty and sentenced so I think it's a fair sentence."

This appeal follows.

¶ 15 Defendant argues that the circuit court violated his right to due process and abused its discretion by predetermining that he would receive the maximum sentence permitted by this court's mandate of 30 years' imprisonment. Defendant argues that the circuit court's comments indicated that it would not consider a sentence below 30 years, which both violated his due process right to a fair sentencing hearing and constituted an abuse of discretion, necessitating remand for a new sentence to be imposed by a different judge. The State responds that defendant forfeited this issue by failing to object to the circuit court's comment that it was "not going to go below 30," and because his motion to reconsider failed to argue that the circuit court predetermined defendant's sentence. We agree with the State.

¶ 16    To preserve a claim of error in sentencing, the defendant must both make a contemporaneous objection and raise the issue in a written post-sentencing motion. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Here, defendant did neither.  Defense counsel did not object when the circuit court made either of the comments of which he now complains.  In fact, after the circuit court stated: "I'm not going to go below 30" and that they would "figure something out" to algin with what this court held with what defendant was facing and what was offered at the Rule 402 conference, defense counsel stated: "Perfect." Defense counsel also failed to object or challenge the court's statements when it denied defendant's motion to reconsider, that it believed its previous sentence of 37 years was fair. Defendant argued generally in his motion to reconsider that his sentence was excessive, not commensurate with the crimes committed, and that the circuit court did not consider mitigation evidence, but he did not argue that the circuit court erred by predetermining his sentence or mention either of the court's statements he now complains of on appeal. Therefore, we agree with the State that defendant forfeited this issue by failing to raise this argument in the circuit court. See *Hillier*, 237 Ill. 2d at 545.

¶ 17    Defendant argues that, even if his arguments are forfeited, we may address his claim under the plain error doctrine. The plain error doctrine is a "narrow and limited exception" which allows a reviewing court to consider an unpreserved error when a clear or obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error; or (2) the error was so serious that it affected the fairness of defendant's trial or challenged the integrity of the judicial process regardless of the closeness of the evidence. *Hillier*, 237 Ill. 2d at 545; *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Under either prong, the first part of the plain error inquiry is to determine

whether any error occurred. *Id.*

¶ 18    Although in its brief, the State argued that the circuit court was not required to hold a second resentencing hearing on remand, at oral argument, the State agreed that a second resentencing hearing was necessary. Such a hearing was required by Section 5-5-3(d) of the Unified Code of Corrections, which provides:

> "In any case in which a sentence originally imposed is vacated, the case shall be remanded to the trial court. The trial court shall hold a hearing under Section 5-4-1 of this Code which may include evidence of the defendant's life, moral character and occupation during the time since the original sentence was passed. The trial court shall then impose a sentence upon the defendant."

730 ILCS 5/5-5-3(d) (West 2024); see also *People v. Mitchell*, 2014 IL App (1st) 120080, ¶¶ 10-12 (when appellate court vacated sentence with instructions to resentence defendant, trial court erred by resentencing defendant without holding new sentencing hearing under section 5-5-3(d)); *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 123. Thus, the circuit court was required to hold a hearing before resentencing defendant even if this court's mandate did not specifically reference such a second resentencing hearing.  As defendant correctly points out, this court could have just imposed a 30-year sentence without remanding the case. See Ill. Sup. Ct. R. 615(b)(4) (eff. Jan. 1, 1967) ("On appeal the reviewing court may: … reduce the punishment imposed by the trial court."). We did not do so and thus, section 5-5-3(d) applies. *Hill*, 2023 IL App (1st) 221062, ¶ 28; 730 ILCS 5/5-5-3(d) (West 2024).

¶ 19    Based on the entire record, we find that the circuit court did hold a second resentencing hearing. The same circuit judge who presided over the first resentencing hearing conducted the second hearing.  The court first entertained arguments regarding the sentencing range on each count based on this court's mandate in *Hill*, 2023 IL App (1st) 221062. The parties stipulated to

the transcript and presentence investigation report from the first resentencing hearing, which included evidence submitted in aggravation and mitigation, and defendant's statement in allocution. The State submitted an additional victim impact statement from Ingram's mother. The court heard the parties' arguments on an appropriate sentence, and gave defendant an opportunity to make an additional statement in allocution if he wished. The court considered the evidence and parties' arguments before imposing a sentence. Accordingly, this procedure complied with the requirements of section 5-5-3(d), particularly where the parties agreed to this procedure. 730 ILCS 5/5-5-3(d) (West 2024); 730 ILCS 5/5-4-1(a).

¶ 20     While defendant argues he was deprived of due process and the circuit court abused its discretion in this second resentencing hearing, he combines these into one argument in his brief and thus, we consider defendant's arguments together as they both center around the same contention that the circuit court improperly predetermined that defendant would receive a 30-year sentence.

¶ 21     A sentencing hearing is fundamentally unfair when the proceeding is affected by judicial bias. *People v. Redemacher*, 2016 IL App (3d) 130881, ¶ 47. A new sentencing hearing is warranted when "a judge's comments on the record indicate that he or she has predetermined a defendant's sentence before considering the relevant statutory factors." *People v. Morris*, 2023 IL App (1st) 220035, ¶ 61 (quoting *People v. Zemke*, 159 Ill. App. 3d 624, 629 (1987)). A sentencing judge abuses its discretion when the record demonstrates that it "refused to consider the whole range of statutorily permissible sentences." *Id.* ¶ 62.

¶ 22     Defendant takes issue with two comments by the circuit court, which he argues, demonstrate that the circuit court predetermined that it would impose a 30-year sentence. The first

comment was during a status hearing where the circuit court stated that it told defense counsel off the record that it was "not going to go below 30." The court then stated it would "figure something out that will align with what the Appellate Court said" and what defendant was offered at the Rule 402 conference. The second comment was during a hearing on defendant's motion to reconsider his sentence, where the circuit court stated that it "gave a lot of thought to the case, for whatever that is worth the appellate court didn't think too much of it but I think that it was a fair sentence," apparently referring to the court's previous sentence of 37 years' imprisonment.

¶ 23     With this argument, defendant relies heavily on *Morris*. In *Morris*, the defendant, who was 16 years old at the time he was charged, was originally sentenced to an aggregate term of 100 years in prison for first degree murder and attempted first degree murder. *Morris*, 2023 IL App (1st) 220035, ¶ 16. On direct appeal, this court found that the defendant received a *de facto* life sentence without meaningful consideration of his youth and attendant circumstances, and remanded for resentencing based on *Miller v. Alabama*, 567 U.S. 460 (2012) and *People v. Reyes*, 2016 IL 119271. See *People v. Morris*, 2017 IL App (1st) 141117, ¶ 44. On remand, the circuit court made multiple comments expressing frustration with this court's mandate and asked the State several times if it could reimpose the same 100-year sentence based on the current caselaw regarding sentencing for juvenile offenders. *Morris*, 2023 IL App (1st) 220035, ¶¶ 22-34. After a cursory review of the statutory sentencing factors for juveniles, which the circuit court concluded did not apply to the defendant and did not support a shorter sentence, the circuit court imposed the same 100-year aggregate sentence, stating that defendant "earned every single day" of that sentence. *Id.* ¶¶ 41-42. This court reversed the defendant's sentence again and remanded for resentencing before a different judge, finding that the judge was "preoccupied with whether he could simply reimpose

the same 100-year sentence on remand—something the State had not even asked him to do." *Id.* ¶¶ 63, 66. The court further found that the trial judge improperly viewed "the youth-based sentencing factors, not as considerations meant to assist him in choosing from among the whole range of possible sentences but rather as 'certain issues you have to deal with in order to make a life sentence work.'" *Id.* ¶ 63.

¶ 24    We find *Morris* distinguishable from the present case. Here, the circuit court made a single comment that it was "not going to go below 30," followed by a statement that it would consider this court's mandate, what defendant was facing, and the offer that defendant received at the Rule 402 conference. At defendant's request, the court held an issues conference and asked the parties to file memorandums as to the applicable sentencing ranges for defendant's two convictions.  The parties stipulated to the procedure at that resentencing hearing and agreed to admit the transcripts and presentence investigation report from the prior sentencing hearing. The court further allowed the parties to present new evidence, allowed defendant an opportunity to make an additional statement in allocution, which he declined, and, consistent with section 5-5-3(d), heard arguments from the parties regarding the applicable sentencing range for each count, and what was an appropriate sentence based on the facts of the crime, this court's mandate, and defendant's efforts to improve himself while incarcerated. The circuit court considered the transcript from the previous sentencing hearing and all evidence presented, and then explained its ruling at length.

¶ 25    The court acknowledged that defendant was a different person than he was when he was originally sentenced, but noted he was still convicted of a "senseless and brutal crime," and found a 30-year total sentence was appropriate. The record as a whole indicates that the circuit court considered both the seriousness of the offenses and defendant's efforts to rehabilitate himself while

incarcerated, along with the applicable sentencing ranges and this court's mandate, when imposing the sentence. The resentencing hearing was not "pretextual" and "perfunctory" as defendant contends. Unlike the court in *Morris*, taken in context of the entire record, the circuit court's actions and comments do not show that it predetermined that defendant would receive a 30-year sentence before considering the relevant statutory factors, that it refused to consider the whole range of statutorily permissible sentences or that it failed to exercise its discretion in resentencing defendant.

¶ 26 Defendant's other cited cases are also distinguishable. In *People v. Coleman*, 212 Ill. App. 3d 997 (1991), the circuit court stated it was "contemplating the maximum" sentence "just to get [defendant] off the streets" and imposed that maximum sentence immediately after finding defendant guilty without even holding a sentencing hearing. In *People v. Bolyard*, 61 Ill. 2d 583 (1975), the supreme court reversed and remanded the case for a new sentencing hearing before a different judge where the circuit court stated its "personal policy" that crimes involving sexual violence "were simply not probationable" and then arbitrarily denied defendant probation simply because "defendant fell within the trial judge's category of disfavored offenders." *Bolyard*, 61 Ill. 2d at 587; see also *Zemke*, 159 Ill. App. 3d at 628 (the record "leads us to conclude that the trial court's imposition of the maximum possible sentence resulted from the fact that the defendant was a sex offender, a member of a class of offenders disfavored by the trial judge."). In *People v. Kendrick*, 104 Ill. App. 3d 426 (1982), the circuit court failed to consider the possibility of probation, despite the fact that it was a sentence required by law. All of these cases involved situations where the sentencing court either failed to follow required sentencing procedures or refused to consider certain options based on its personal feelings about the defendant or the charges

the defendant faced. However, in this case, the circuit court followed the required sentencing procedures, properly considered the evidence and arguments of counsel as well as the possible sentence faced by defendant on each count in light of the law and this court's mandate, and imposed a sentence based on the seriousness of the offenses balanced with defendant's efforts to improve himself while incarcerated. Thus, defendant's cases do not apply here.

¶ 27    We find that the other comments referred to by defendant, which were made by the circuit court in response to defendant's motion to reconsider his sentence, also do not suggest that the circuit court predetermined defendant's 30-year sentence. The circuit court expressed its view that it believed its prior 37-year sentence was fair and that it "gave a lot of thought to the case," but suggested that this court "did not think too much of it" when we reversed the court's prior sentencing order. We disagree with defendant that this statement suggests that the circuit court was preoccupied with imposing the longest possible sentence for defendant. While the circuit court expressed frustration with this court's reversal of its prior decision and noted that it believed its previous sentence was "fair" in comparison to what defendant faced at trial, these comments, in context with the entire record, do not suggest it was preoccupied with imposing a 30-year sentence on remand or that it refused to consider the range of statutorily permissible sentences, as defendant argues. See *People v. Davis*, 2024 IL App (1st) 231357-U, ¶ 32.

¶ 28    We find *Davis* instructive here. In *Davis*, the defendant was originally sentenced to 10 years' imprisonment as a Class X offender for an aggravated domestic battery charge. On appeal, this court found that defendant did not qualify for Class X sentencing, vacated his sentence and remanded for resentencing as a Class 2 offender. *Id.* ¶ 2; see also *People v. Davis*, 2020 IL App (1st) 172985-U. At the defendant's resentencing hearing, the circuit court asked the State if the

defendant was "extendable on a [Class] 2," and stated that it thought that defendant's original sentence "was appropriate." *Davis*, 2024 IL App (1st) 231357-U, ¶¶ 13, 17. The circuit court concluded that the defendant was eligible for an extended sentence on a Class 2 felony, and imposed the same 10-year sentence that it imposed before. *Id.* ¶ 17. In a colloquy with defense counsel, the court stated it was "not going to change" defendant's sentence, but noted that it considered defendant's position and took everything into account, including that the facts of the case "were especially bad." *Id.* ¶ 18. This court rejected the defendant's argument that the circuit court predetermined the sentence it would impose and ignored "compelling mitigating evidence" in resentencing the defendant to the same 10-year sentence. Rather, the *Davis* court found that the circuit court's comments, taken in context, did not demonstrate that it was preoccupied with imposing the same 10-year sentence that it had originally imposed and that "record does not establish that it did not consider all relevant information prior to resentencing." *Id.* ¶ 32. In fact, this court noted that the circuit court stated that it understood defendant's position, had "taken all of that into account," and did not impose a 10-year sentence lightly, finding the same sentence still appropriate. *Id.*

¶ 29    Here, the circuit court made similar comments suggesting that it thought defendant's prior 37-year sentence was appropriate, but it ultimately imposed a 30-year sentence after a second resentencing hearing, the procedure for which was agreed to by both the State and defense counsel. The record as a whole demonstrates that the circuit court considered the arguments of the parties and the sentencing ranges faced by defendant and imposed a sentence based on its consideration of the seriousness of the crimes balanced with the mitigating evidence, including defendant's efforts to improve himself while incarcerated. As in *Davis*, the court is presumed to have

considered all of the mitigating evidence before it and our record does not establish that the circuit court failed to consider all relevant information prior to resentencing. See *Davis*, 2024 IL App (1st) 231357-U, ¶ 32, 36. The 30-year sentence was within the appropriate sentencing range and complied with this court's mandate. See *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007) ("[a] sentence which falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense."). We find that defendant received a fair resentencing hearing and the circuit court did not abuse its discretion, fail to exercise discretion in sentencing defendant, or violate defendant's due process rights.

¶ 30    Defendant's sentence also reflected the seriousness of the offenses of attempted first degree murder. "[T]he most important factor in sentencing is the seriousness of the offense." *People v. Jones*, 2019 IL App (1st) 170478, ¶ 55 (citing *People v. Alexander*, 239 Ill. 2d 205 (2010)). Here, the circuit court observed that defendant was convicted of "brutal attempt murder" and a "senseless and brutal crime" which resulted in "lifelong lasting injuries" for both Grant and Ingram. The court gave appropriate weight to the seriousness of the offense in imposing an aggregate 30-year sentence, even if that was the maximum permissible sentence under this court's mandate. See *Davis*, 2024 IL App (1st) 231357-U, ¶ 37 (circuit court emphasized egregiousness of offense multiple times during sentencing).

¶ 31    Accordingly, we find that the circuit court did not predetermine defendant's sentence and did not violate his due process rights or abuse its discretion when it resentenced defendant following a second resentencing hearing to a total of 30 years' imprisonment, consistent with this court's prior mandate. Because there was no error in defendant's second resentencing hearing, there is no plain error. *People v. Johnson*, 218 Ill. 2d 125, 139 (2005) ("Clearly, there can be no

plain error if there is no error."). Thus, we need not address defendant's contention that his counsel was ineffective for failing to object to the circuit court's comments to preserve his argument. See *People v. Castejon*, 2025 IL App (1st) 221918, ¶ 55.

¶ 32    For the foregoing reasons, we affirm the order of the circuit court.

¶ 33    Affirmed.

---

*The People of the State of Illinois v. Eddie Hill*
**2026 IL App (1st) 242184**

---

**Appeal from the Circuit Court of Cook County, No. 00 CR 9505**
**Honorable William G. Gamboney, Judge Presiding**

---

Appellants:  JAMES E. CHADD.State Appellate Defender
DOUGLAS R. HOFF Deputy Defender
JOHN R. BREFFEILH
Assistant Appellate Defender
Office of the State Appellate Defender
First Judicial District
203 N. LaSalle St., 24th Floor
Chicago, IL 60601
(312) 814-5472

Appellees:  EILEEN O'NEILL BURKE, State's Attorney of Cook County
JOHN E. NOWAK DANIEL PIWOWARCZYK JOSEPH ALEXANDER
Assistant State's Attorneys Cook County
State's Attorney's Office Criminal Appeals Division,
Richard J. Daley Center 50 West Washington Street
– 3rd Floor Chicago, Illinois 60602
(312) 603-5496